Eastern District of Kentucky
F I L E D
APR 18 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

DOMINIQUE RASHAN DUDLEY,

Plaintiff,

v.

JAMES GREEN, et al.,

Defendants.

Case No. 0:19-cv-00030-HRW

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Dominique Dudley is an inmate at the Eastern Kentucky Correctional Complex. Dudley has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 [R. 1], and the Court has granted Dudley pauper status by separate order. [R. 8.] Pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A, this matter is now before the Court for an initial screening. *See Hill v. Lappin*, 630 F.3d 478, 470-71 (6th Cir. 2010).

At this stage of the proceedings, the Court affords Dudley's complaint a forgiving construction, accepting all non-conclusory factual allegations as true and liberally construing all legal claims in Dudley's favor. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). However, the Court must still dismiss any claim that is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune. *Hill*, 630 F.3d at 470-71.

Dudley's complaint sets forth a lengthy narrative of an incident that began with alleged intimidation and threats towards Dudley by Correctional Officer Kenneth Burnett. In short, the complaint claims that Burnett maliciously lied about Dudley to other EKCC officers, which resulted in those officers using excessive force to punish Dudley. The complaint then implies that, after that punishment was inflicted on Dudley, EKCC officials realized the punishment was too harsh for Dudley's actual behavior and colluded to change a write-up issued against Dudley to make it appear as if their use of force was appropriate. [*See* R. 1.] Pursuant to 42 U.S.C. § 1983, the complaint brings Eighth Amendment and negligence claims against five EKCC employees in their official capacities only. [*Id.* at 2-3.]

Despite what the name of the claim may suggest, an "official capacity" claim against a government employee is *not* a claim against the employee himself arising out of his conduct as an employee. Instead, it is a claim directly against the state or local agency which employs him. *See, e.g., Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (explaining that "individual capacity" suits impose personal liability upon government officials but that "individuals sued in their official capacities stand in the shoes of the entity they represent"). Accordingly, Dudley's claims against the five defendants in their

official capacities are actually claims against the Commonwealth of Kentucky, as the EKCC is a Kentucky Department of Corrections facility.

A municipality—or, in this case, the Commonwealth—is liable under 42 U.S.C. § 1983 "only if the challenged conduct occurs pursuant to a municipality's official policy, such that the municipality's promulgation or adoption of the policy can be said to have caused one of its employees to violate the plaintiff's constitutional rights." *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (internal quotation marks omitted) (citing *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978). In this case, Dudley makes no allegation that the five defendants were acting pursuant to either a formal policy or informal custom of the Commonwealth.

Indeed, although Dudley's complaint suggests all five defendants were acting via some sort of collusion to inflict and/or cover up the use of force against Dudley, Dudley never alleges that EKCC consistently abides by a policy of inflicting excessive force upon inmates or of falsifying write-ups to justify questionable events. And the complaint never claims that the Kentucky Department of Corrections is responsible somehow for the events described therein. The complaint, therefore, fails to state a claim against the defendants in their official capacities.

The Court notes that if the complaint named the defendants in their individual capacities, at least some of the allegations may have survived the Court's initial screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. But, here, Dudley

affirmatively indicated that he wished to sue the five defendants in their official capacities only. [R. 1 at 2-3.] Accordingly, dismissal upon screening is warranted.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Dudley's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted;

2. Judgment shall be entered contemporaneously herewith; and

3. This matter is **CLOSED** and **STRICKEN** from the Court's active docket.

This the 18th day of April, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge